### Mrs. Gladys COBB v. STATE.
### No. 17481.

Court of Criminal Appeals of Texas.
March 27, 1935.

W. F. Schenck, of Lubbock, for appellant.

Lloyd W. Davidson, State's Atty., of Austin, for the State.

MORROW, Presiding Judge.

The offense is abortion; penalty assessed at confinement in the penitentiary for two years.

Upon the written motion of the appellant, duly verified by her affidavit, the appeal is dismissed.

### W. C. CURRY v. STATE.
### No. 17376.

Court of Criminal Appeals of Texas.
March 13, 1935.

C. C. Randle, of Waxahachie, for appellant.

Lloyd W. Davidson, State's Atty., of Austin, for the State.

MORROW, Presiding Judge.

The conviction is for theft of property over the value of $50; penalty assessed at confinement in the penitentiary for two years.

The indictment appears regular and properly presented.

Appellant entered a plea of guilty. He waived a jury and submitted the matter to the court.

The evidence heard before the trial court is not brought up for review.

We find nothing in the record which would justify a reversal or require discussion.

The judgment is affirmed.

### W. E. DAWSON v. STATE.
### No. 17511.

Court of Criminal Appeals of Texas.
April 10, 1935.

Gilber C. Smith, of Anson, for appellant.

Lloyd W. Davidson, State's Atty., of Austin, for the State.

MORROW, Presiding Judge.

Robbery is the offense; penalty assessed at confinement in the penitentiary for five years.

The indictment appears regular and properly presented.

The record is before this court without statement of facts and bills of exception.

No error has been perceived or pointed out.

The judgment is affirmed.

### Lawrence EDWARDS v. STATE.
### No. 17527.

Court of Criminal Appeals of Texas.
March 20, 1935.

Carter & Carter, of San Antonio, for appellant.

Lloyd W. Davidson, State's Atty., of Austin, for the State.

HAWKINS, Judge.

Conviction is for forgery, punishment being assessed at three years in the penitentiary.

Appellant has filed his affidavit advising the court that he does not desire to further prosecute his appeal, and at his request the appeal is dismissed.